# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JACKSON, CDCR #J-25801,<br><br>                              Plaintiff,<br><br>vs.<br><br>L. VALENZUELA; D. CAMARGO; R. MADDEN,<br><br>                              Defendant. | Civil No.   11cv1077 WQH (JMA)<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>**[ECF No. 2]** |

Richard Jackson ("Plaintiff"), a state prisoner currently incarcerated at Centinela State Prison located in Imperial, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

## I.

### MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

1 | *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213
2 | F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

3 |      Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only
4 | frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C.
5 | §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule
6 | on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal
7 | pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires
8 | a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*
9 | *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to
10 | amend, however, unless it determines that "the pleading could not possibly be cured by the
11 | allegation of other facts" and if it appears "at all possible that the plaintiff can correct the
12 | defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.
13 | 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

14 |      "[W]hen determining whether a complaint states a claim, a court must accept as true all
15 | allegations of material fact and must construe those facts in the light most favorable to the
16 | plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)
17 | "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal
18 | construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,
19 | 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that
20 | were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268
21 | (9th Cir. 1982).

22 |      As currently pleaded, the Court finds that Plaintiff's Complaint fails to state a cognizable
23 | claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a
24 | claimant: (1) that a person acting under color of state law committed the conduct at issue, and
25 | (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the
26 | Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.
27 | 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);
28 | *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### A. Retaliation Claims

In his Complaint, Plaintiff alleges that "black tar heroin" was found in his cell following a cell search. (*See* Compl. at 3.) Following this finding, Plaintiff alleges that he was subjected to a disciplinary hearing despite the fact that the substance found belonged to his cellmate. (*Id.*) During the disciplinary hearing, Plaintiff further alleges that Defendant Valenzuela believed Plaintiff had a "disrespectful manner." (*Id.*) Plaintiff argues that he was merely presenting his defense and Valenzuela's ultimate finding of Plaintiff's guilt was in retaliation for exercising his First Amendment rights. (*Id.*) Plaintiff seeks to hold the other Defendants liable because they failed to overturn the findings by Valenzuela. (*Id.* at 4- 6.)

In order to properly allege a retaliation claim, Plaintiff must allege facts sufficient to show that: (1) he was retaliated against for exercising his constitutional rights, (2) the alleged retaliatory action "does not advance legitimate penological goals, such as preserving institutional order and discipline," *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and (3) the defendants' actions harmed him.[1] *See Rhodes v. Robinson*, 380 F.3d 1183, 1131 (9th Cir. 2004) ("Our cases, in short, are clear that any retribution visited upon a prisoner due to his decision to engage in protected conduct is sufficient to ground a claim of unlawful First Amendment retaliation--whether such detriment "chills" the plaintiff's exercise of his First Amendment rights or not."); *see also Resnick*, 213 F.3d at 449; *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

Here, Plaintiff has failed to allege that Defendants' actions failed to "advance legitimate penological goals," *Barnett*, 31 F.3d at 815-16.   Therefore, the Court must sua sponte dismiss Plaintiff's retaliation claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

///

---

[1] "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First Amendment rights." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001) (emphasis original). "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not actionable." *Id.* Thus, while many plaintiffs alleging retaliation can show harm by pointing to the "chilling effect" such acts may have had on the exercise of their First Amendment rights, "harms entirely independent from a chilling effect can ground retaliation claims." *Rhodes*, 380 F.3d at 1131.

### B. Respondeat Superior

Plaintiff's claims against Defendant Camargo and Madden appear to rise from the fact that they were the supervisors of Defendant Valenzuela and they should have overturned his disciplinary conviction. (*See* Compl. at 5-6.) Thus, it appears that Plaintiff seeks to hold these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against these Defendants.

For these reasons, the Court finds that Plaintiff's Complaint fails to state a constitutional claim upon which § 1983 relief can be granted, and thus, this action must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

///
///
///
///

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

///

5.   The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED: August 11, 2011

*[signature: William Q. Hayes]*
**WILLIAM Q. HAYES**
United States District Judge